UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>Chief United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

July 15, 2025

MEMORANDUM TO COUNSEL RE:    Della Rocca v. Lee et al
                              Civil Action No. GLR-24-3486

Dear Counsel:

Pending before the Court are Defendants Susan C. Lee and Michael G. Summers' Joint Motion to Dismiss (ECF No. 21) and Postmaster General Louis DeJoy's Motion to Dismiss (ECF No. 31). For the reasons set forth below, the Court will grant the Motions.

**Background**[1]

Plaintiff Brian R. Della Rocca is a Maryland resident who is registered to vote. (Compl. ¶¶ 17–18, ECF No. 1). The Maryland State Board of Elections emailed Della Rocca a mail-in ballot on September 23, 2024. (Id. ¶ 31). Della Rocca completed the ballot and envelope by following the instructions provided, signed where required, and sealed the envelope. (Id. ¶ 33). On November 4, 2024, Della Rocca purchased a first-class mail stamp, attached the stamp to the envelope, and dropped off the envelope containing his ballot at the Montgomery Village, Maryland Post Office. (Id. ¶ 34). On November 14, 2024, the Board of Elections emailed Della Rocca to confirm that his mail-in ballot was received. (Id. ¶ 35). On November 21, 2024, Della Rocca tracked his ballot using https://voterservices.elections.maryland.gov/VoterSearch, and confirmed that the Board received his ballot but there was no indication that it had been counted or rejected. (Id. ¶ 36). On November 21, 2024, Della Rocca tracked his ballot using https://mpwrelection.com/maryland/voter, and received a message that a ballot was not found relating to his information. (Id. ¶ 37).

On December 2, 2024, Della Rocca filed this Complaint against Defendants Susan C. Lee, Michael G. Summers, and Postmaster General Louis DeJoy. (ECF No. 1). His four-count Complaint alleges violations of the First and Fourteenth Amendment (Count I); Denial of Due Process (Count II); Violations of the Equal Protection Clause (Count III); and violations of Maryland Code, Election Law, § 9-303 (Count IV). (Compl. ¶¶ 77–102). On February 6, 2025, Lee and Summers filed a Joint Motion to Dismiss (ECF No. 21), which Della Rocca opposed on February 19, 2025 (ECF No. 23). Lee and Summers filed a Reply on March 5, 2025. (ECF No. 26). DeJoy filed a separate Motion to Dismiss on April 11, 2025 (ECF No. 31), which Della Rocca opposed on May 9, 2025 (ECF No. 34). DeJoy filed a Reply on June 9, 2025. (ECF No. 37).

---

[1] Unless otherwise noted, the Court takes the following facts from the Complaint (ECF No. 6) and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**Standard of Review**

Rule 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. "Because standing is an element of subject matter jurisdiction, a defendant's motion to dismiss for lack of standing should be treated under Rule 12(b)(1)." McInnes v. Lord Balt. Emp. Ret. Income Account Plan, 823 F.Supp.2d 360, 362 (D.Md. 2011) (citing White Tail Park, Inc. v. Stroube, 413 F.3d 451, 459 (4th Cir. 2005)). A defendant challenging a complaint under Rule 12(b)(1) may advance a "facial challenge, asserting that the allegations in the complaint are insufficient to establish subject-matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" Hasley v. Ward Mfg., LLC, No. RDB-13-1607, 2014 WL 3368050, at *1 (D.Md. July 8, 2014) (alteration in original) (quoting Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009)).

Where, as here, a defendant raises a facial challenge, the Court affords the plaintiff "the same procedural protection as [s]he would receive under a Rule 12(b)(6) consideration." Kerns, 585 F.3d at 192 (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). As such, the Court takes the facts alleged in the complaint as true and denies the motion if the complaint alleges sufficient facts to invoke subject matter jurisdiction.

**Analysis**

Lee, Summers, and DeJoy (collectively, "defendants") all move to dismiss on the grounds that Della Rocca lacks standing because he fails to allege an injury-in-fact. (Lee & Summers Mem. L. Supp. Mot. Dismiss at 3, ECF No. 21; DeJoy Mem. L. Supp. Mot. Dismiss at 1, ECF No. 31-1). For the reasons stated below, the Court agrees with Defendants and will dismiss this Complaint.

Article III of the United States Constitution limits the judicial authority of federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1; Spokeo, Inc. v. Robins (Spokeo I), 136 S.Ct. 1540, 1547 (2016), as revised, (May 24, 2016). Thus, the threshold question in every federal case is whether the court has authority under Article III to entertain the suit. Warth v. Seldin, 422 U.S. 490, 498 (1975). Courts apply the standing doctrine to resolve this question. Bishop v. Bartlett, 575 F.3d 419, 423 (4th Cir. 2009).

The party invoking federal jurisdiction bears the burden of establishing standing. Id. at 424 (citing FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990)). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [a court] presume[s] that general allegations embrace those specific facts that are necessary to support the claim." Id. (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992)). However, a court must dismiss an action when the party invoking federal jurisdiction does not include the necessary allegations in the pleading. Id. (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)).

The standing doctrine comprises constitutional and prudential components. Id. at 423 (citing Allen v. Wright, 468 U.S. 737, 751 (1984)). To satisfy the constitutional component, which is at issue here, Della Rocca must have (1) suffered an injury in fact; (2) that is fairly traceable to

the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable judicial decision. Spokeo I, 136 S.Ct. at 1547 (citing Lujan, 504 U.S. at 560–61). Defendants assert that Della Rocca fails at step one. Accordingly, the Court will confine its analysis to injury in fact.

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Spokeo I, 136 S.Ct. at 1548 (emphasis added) (quoting Lujan, 504 U.S. at 560). A "particularized" injury is an injury that affects the plaintiff "in a personal and individual way." Id. (quoting Lujan, 504 U.S. at 560 n.1). A "concrete" injury is one that is not abstract and actually exists. Id. To be concrete for purposes of standing, an injury need not be tangible. Id. at 1549. Although Congress can identify and elevate intangible harms, a plaintiff does not automatically satisfy the injury-in-fact requirement "whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." Id.

Here, Della Rocca has not established an injury in fact because the record indicates the Maryland State Board of Elections counted his vote. (See Della Rocca, Brian, Voter Profile Report at 2, ECF No. 21-4). To avoid this result, Della Rocca argues that reference to the Maryland State Board of Elections counting his vote is "based on facts not in the Complaint nor supported by any form of evidence." (Opp'n Lee & Summers Mot. at 7, ECF No. 23). Although ordinarily a Court would be limited to the Complaint in considering a motion to dismiss, Defendants here raise a facial challenge to this Court's jurisdiction, triggering the Court's ability to "regard the pleadings as mere evidence on the issue" and "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). As a result, the Court is well within its authority to consider the attachments that show the state counted Della Rocca's vote.

Della Rocca next argues that his injury relates to the manner in which his ballot was processed. (Opp'n Lee & Summers Mot. Dismiss ["Opp'n"] at 3–4, ECF No. 23). That is, although he mailed in his ballot on November 4, 2025, Maryland's online tracking system indicates his ballot was not received until November 12, 2025. (Id.). The issue, in Della Rocca's view, is that "[d]uring those eight days, no one knows whether ballot secrecy was maintained, whether the ballot was tampered with or altered, or even whether the ballot was substituted." (Id.). As a result, "Della Rocca is seeking declaratory and injunctive relief to prevent that from happening to him in the next election." (Id.). Della Rocca's own description of his claims and request for relief – to prevent unknown actors from potentially tampering with his ballot in some future election – further establishes that his injury is neither concrete, particularized, actual or imminent. The Court additionally takes judicial notice of Judge Boardman's similar conclusions when confronting Della Rocca's challenges to mail-in voting last year. (See Transcript, Oct. 25 Hearing Before the Honorable Deborah L. Boardman 17:25–32:15, No. 8:24-CV-2442 (D.Md. Oct. 25, 2024)); See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that "[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records"). The Court finds Della Rocca fails to allege an injury in fact, and this Court lacks jurisdiction to consider this matter.

4

      For the foregoing reasons, Defendants Lee, Summers, and DeJoy's Motions to Dismiss (ECF Nos. 21, 31) are GRANTED. The Complaint (ECF No. 1) is DISMISSED. The Clerk is directed to CLOSE this case. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly and PROVIDE a copy to counsel of record.

      Very truly yours,

      /s/
      George L. Russell, III
      Chief United States District Judge